# FAX

**FROM**

Derriel McCorvey
McCORVEY LAW, LLC
102 Versaille Blvd. Suite 620 P.O. Box 2473
Lafayette
Louisiana 70502

**Phone**       (888) 508-7759
**Fax Number** (888) 508-7759

**TO**

**Phone**
**Fax Number** +13374373350       *2021 - 4965*

**DATE** 11/26/2021

**NOTE**

RE:  Natasha Casmire v. Michael L. Dickson, et al

*Fax*
FILED 11-29-21
*[signature] Kristen Semus*
Deputy Clerk of Court
Calcasieu Parish, Louisiana

**McCORVEY LAW, LLC**
**ATTORNEY & COUNSELOR AT LAW**
*Licensed in Louisiana & Texas*
102 Versailles Blvd. Ste. 620
Post Office Box 2473
Lafayette, LA 70502
Tel. 337- 291-2431
Fax 337-291-2433
E.I.N. 72-1443974

Derriel C. McCorvey†
H.D. Register, III
Antwon Bloxson

† Also Licensed in Texas

"Of Counsel"
W. James Singleton

November 26, 2021

<u>Via Facsimile: (337) 437-3350</u>
Clerk of Court
14th Judicial District Court
P.O. Box 3210
Lake Charles, LA 70602

RE: Natasha Casmire v. Michael L. Dickson, et al; NEW SUIT

Dear Sir/Madam,

Please find enclosed a Petition for Damages to be fax filed into the record in the above referenced matter. Please advise my office of the appropriate filing fee.

If you have any comments or questions, please do not hesitate to call our office.

With kindest personal regards, I remain,

Sincerely,

*Derriel McCorvey*

Derriel C. McCorvey

DCM: alp
Encl.
\\mccorveyserver\shared folders\company\dropbox\derriel\casmire n\final docs\cover letter to clerk fax filing petition for damages.docx

**APPENDIX 9.6**
**LOUISIANA CIVIL CASE REPORTING**
Civil Case Cover Sheet - LA. R.S. 13:4688, Part G, §13 of the Louisiana Supreme Court
General Administrative Rules, and Appendix 9.6 of the Louisiana District Court Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption:

Natasha Casmire                vs.       Michael L. Dickson,
                                         Paschall Truck Lines, Inc. and
                                         American Trucking & Transportation
Court: 14th JDC                          Insurance
       Docket Number: _____    Company

Parish of Filing: Calcasieu    Filing Date: 11-26-2021

Name of Lead Petitioner's Attorney: Derriel McCorvey

Name of Self-Represented Litigant: _____

Number of named petitioners: 1       Number of named defendants: 3

Type of Lawsuit:  Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

| | |
|---|---|
| X Auto: Personal Injury | __ Auto: Property Damage |
| __ Auto: Wrongful Death | __ Auto: Uninsured Motorist |
| __ Asbestos: Property Damage | __ Asbestos: Personal Injury/Death |
| __ Product Liability | __ Premise Liability |
| __ Intentional Bodily Injury | __ Intentional Property Damage |
| __ Intentional Wrongful Death | __ Unfair Business Practice |
| __ Business Tort | __ Fraud |
| __ Defamation | __ Professional Negligence |
| __ Environmental Tort | __ Medical Malpractice |
| __ Intellectual Property | __ Toxic Tort |
| __ Legal Malpractice | __ Other Tort (describe below) |
| __ Other Professional Malpractice | __ Redhibition |
| __ Maritime | __ Class action (nature of case) |
| __ Wrongful Death | |
| X General Negligence | |

Please briefly describe the nature of the litigation in one sentence of additional detail:
Automobile crash occurring on 11-28-2020 involving tractor-trailer causing personal injury

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name Derriel McCorvey  Signature Derriel McCorvey

Address 102 Versailles Blvd, Ste 620, Lafayette, LA 70501

Phone number: 337-291-2431  E-mail address: derriel@mccorveylaw.com

| NATASHA CASMIRE | 14TH JUDICIAL DISTRICT COURT |
|---|---|
| | DOCKET NO.: |
| V. | |
| | PARISH OF CALCASIEU |
| MICHAEL L. DICKSON, PASCHALL TRUCKING LINES, INC. AND AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY | STATE OF LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes petitioner **NATASHA CASMIRE**, who is of the full age of majority and is domiciled in the County of Jefferson, State of Texas, and who respectfully represents:

FAX FILED 11-29-21

Deputy Clerk of Court
Calcasieu Parish, Louisiana

1.

Made Defendants herein:

A. **MICHAEL L. DICKSON**, on information and belief, is a resident of the full age of majority and domiciled in the State of Louisiana;

B. **PASCHALL TRUCK LINES, INC.**, on information and belief, is a corporation incorporated under the laws of Kentucky and is licensed to do business in Texas;

C. **AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY**, on information and belief is a foreign insurance company that is authorized to do and conduct business in the State of Louisiana;

2.

This is a civil action to recover damages sustained by petitioner Natasha Casmire for personal injuries and other damages against the above named defendants, Michael L. Dickson, Paschall Truck Lines, Inc. and American Trucking and Transportation Insurance Company (sometimes hereinafter referred to as "Defendants"), who are liable unto your Petitioner in a sum of damages as is reasonable in the premises, together with legal interest thereon from and after the date of judicial demand, until paid and for all costs of these proceedings, for the following, to-wit:

3.

Plaintiff alleges upon information and belief, that on or about November 28, 2020, at approximately 9:58 p.m., Natasha Casmire was injured in a crash that occurred on Interstate Highway 610 in Houston, Texas. Natasha Casmire was driving a 2014 Toyota Camry eastbound

1

on North Loop East in Harris County, Texas, when suddenly and without warning, a Paschall Truck Lines, Inc. truck, driven by Michael Dickson, made an unsafe lane change into her lane and crashed into the back rear side of her vehicle causing serious injury.  Plaintiff will show that nothing that she did or failed to do on the occasion in question caused, or in any way, contributed to the occurrence of the subject crash or her resulting injuries. To the contrary, upon information and belief, Natasha Casmire alleges that the incident and resulting damages were directly and proximately caused by the negligence, both of commission and omission, of the Defendants.

4.

Defendant driver Michael L. Dickson was driving a 2018 International Truck and was traveling east on Interstate Highway 610.  Defendant Michael L. Dickson failed to control his speed and failed to maintain control of his truck and made an unsafe lane change and crashed into the vehicle being driven by plaintiff Natasha Casmire; thus, causing the damages and injuries complained of herein.

5.

Based upon information and belief, the 2018 International Truck driven by defendant Michael L. Dickson was owned by Pachall Truck Lines, Inc.

6.

Based upon information and belief, defendant Michael L. Dickson was an employee, agent and/or servant of defendant Paschall Truck Lines, Inc.

7.

As defendant MICHAEL L. DICKSON was acting as the employee, agent and/or servant of defendant PASCHALL TRUCK LINES, INC., defendant PASCHALL TRUCK LINES, INC. is vicariously liable for all acts and omissions of defendant MICHAEL L. DICKSON in accordance with the doctrine of *respondeat superior*.

8.

At all relevant times herein, defendant PASCHALL TRUCK LINES, INC. was an interstate motor carrier, U.S. DOT #105234. As such, defendants MICHAEL L. DICKSON and PASCHALL TRUCK LINES, INC.'S operation of the motor vehicle referenced in paragraph four was regulated by the Federal Motor Carrier Safety Administration (FMCSA) regulations under C.F.R. Title 49, Parts 383 through 399, as well as Texas State statutes and regulations.

2

## NEGLIGENT OPERATION OF A COMMERCIAL MOTOR VEHICLE

9.

Defendant Michael L. Dickson, acting as an employee, agent and/or servant of Defendant PASCHALL TRUCK LINES, INC., had a duty to act reasonably and use due care while driving the 2018 International Truck including controlling his speed, being aware of traffic around the vehicle, and keeping a proper lookout.

10.

Petitioner alleges upon information and belief that the crash and resulting damages were directly and proximately caused by the following acts and/or omissions constituting negligence on the part of defendant MICHAEL L. DICKSON, acting as an agent and/or statutory employee of defendant PASCHALL TRUCK LINES, INC. particularly, but not exclusively in the following respects:

A. In failing to maintain a proper lookout;

B. In failing to operate his vehicle in a safe and prudent manner;

C. In failing to make proper application of the brakes of his vehicle;

D. In failing to make timely application of the brakes of his vehicle;

E. In failing to bring his vehicle to a stop before it collided with Natasha Casmire's vehicle;

E. In failing to turn the vehicle to avoid a collision;

F. In operating a vehicle at a rate of speed in excess of that which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances;

G. In being inattentive and failing to maintain proper control of his vehicle;

H. In operating his vehicle in a reckless manner;

I. In failing to obey applicable traffic and safety rules, and

J. In violating applicable provisions of Articles 6701(d) of the Texas Revised Civil Statutes.

K. Any and all other acts of negligence which may be proven at the trial of this matter.

## NEGLIGENT HIRING, TRAINING, SUPERVISION/RETENTION OF DRIVER

### 11.

Prior to and at the time of the November 28, 2020 crash, defendant MICHAEL L. DICKSON was, upon information and belief, an unqualified driver as required by FMCSA regulations. At all relevant times herein, defendant PASCHALL TRUCK LINES, INC. knew or should have known their employee, agent and/or servant, defendant MICHAEL L. DICKSON, was an unqualified driver as defined and required by FMCSA and State of Texas regulations.

### 12.

Defendant PASCHALL TRUCK LINES, INC. was further negligent and reckless in hiring, training, supervising, retaining and dispatching of defendant MICHAEL L. DICKSON.

### 13.

Defendants Paschall Truck Lines, Inc. is legally responsible to Natasha Casmire for the negligent conduct of Defendant, Michael Dickson, under the legal doctrines of *respondeat superior*, agency and/or ostensible agency because defendant Michael Dickson, was at all times material hereto an agent, ostensible agent, servant and/or employee of Paschall Truck Lines, Inc., and was acting within the course and scope of such agency or employment. As a result thereof, defendant Paschall Truck Lines, Inc. is liable for all negligence of defendant Michael Dickson.

### 14.

Defendant Paschall Truck Lines, Inc. was also negligent and negligent *per se* in the entrustment of its vehicle to Michael Dickson. At the time of the collision in question, defendant Paschall Truck Lines, Inc., was the owner of the commercial vehicle driven by the operator, Michael Dickson. Defendant Paschall Truck Lines, Inc., entrusted said vehicle to defendant Michael Dickson, for the purpose of operating it on the public streets and highways of Texas, and defendant Michael Dickson, operated said vehicle with the knowledge, consent and permission of defendant Paschall Truck Lines, Inc.. At all times material, defendant Michael Dickson was incompetent and unfit to safely operate the motor vehicle and defendant Paschall Truck Lines, Inc., knew, or in the exercise of due care should have known, that Michael Dickson was an incompetent and unfit driver and would create an unreasonable risk of danger to persons or property on the public streets and highways of Texas. Such entrustment constitutes negligence and

4

negligence *per se* which was a proximate cause of Natasha Casmire's injuries and damages. Therefore, Natasha Casmire brings this action under general negligence and under negligent entrustment theories.

15.

Defendant Paschall Truck Lines, Inc., is also negligent in hiring an incompetent or unfit employee and/or in failing to properly train, instruct, and supervise defendant Michael Dickson. Defendant Paschall Truck Lines, Inc. failed to provide the proper training and instruction to defendant Michael Dickson, which would have provided him with the proper skills and knowledge to avoid the collision which forms the basis of this lawsuit. Defendant Paschall Truck Lines, Inc., negligent hiring of and failure to properly instruct and train its driver was a proximate cause of the accident and Natasha Casmire's resulting injuries and damages.

**PUNITIVE DAMAGES**

16.

Prior to and at the time of the crash herein, defendant PASCHALL TRUCK LINES, INC. was previously aware they had been deficient in the operation of its commercial motor vehicle fleet by failing to meet the requirements of the FMCSA and State of Texas regulations, particularly in regard to violations of hiring, training, supervising and dispatching MICHAEL L. DICKSON an unqualified and unsafe driver.

17.

Prior to and at the time of the crash, defendant PASCHALL TRUCK LINES, INC. knew or should have known that defendant MICHAEL L. DICKSON at the time of the crash was an unqualified and unsafe driver, not fit to operate a commercial vehicle on a public highway.

18.

By allowing an unsafe and unqualified driver to operate a commercial motor vehicle, defendant PASCHALL TRUCK LINES, INC. consciously pursued a course of conduct knowing it would cause substantial harm to others. Further, defendant PASCHALL TRUCK LINES, INC. operated the commercial motor vehicle in a manner that would gain it extra profits at the expense of the safety of members of the public, particularly plaintiff NATASHA CASMIRE.

19.

At the time of the crash, defendant MICHAEL L. DICKSON operated defendant PASCHALL TRUCK LINES, INC.'S tractor-trailer rig in a wanton and reckless manner, driving at an excessive rate of speed and in an unsafe manner. As such, his operation of the tractor-trailer rig was a course of conduct he consciously pursued (most likely in an effort to economically benefit himself and defendant PASCHALL TRUCK LINES, INC.) knowing it created a high risk of causing substantial harm to members of the public generally, and particularly to plaintiff NATASHA CASMIRE.

20.

Defendants were grossly negligent and acted with malice, as that term is understood under Texas law, and such conduct was a proximate cause of Natasha Casmire's injuries and damages. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Therefore, Natasha Casmire asks for punitive and exemplary damages in addition to all actual damages.

**DAMAGES**

21.

As a direct and proximate cause of the negligence of defendant MICHAEL L. DICKSON, acting as an employee, agent and/or servant of defendant PASCHALL TRUCK LINES, INC., plaintiff NATASHA CASMIRE. sustained serious injuries requiring medical treatment. Plaintiff NATASHA CASMIRE. sought medical treatment for the injuries and sustained various medical bills incidental thereto. Plaintiff NATASHA CASMIRE further contends Defendants are indebted unto her for reasonable damages in the premises in connection with the injuries and medical expenses.

22.

Petitioner NATASHA CASMIRE alleges upon information and belief that as a result of the aforedescribed crash and believed injuries, she sustained and will continue to sustain in the future, physical and emotional pain and suffering, discomfort, disability, loss of enjoyment of life, medical expenses, for which she is entitled to recover a sum of damages as is reasonable in the premises.

23.

As a direct and proximate result of the conduct of Defendants, jointly and separately, plaintiff NATASHA CASMIRE has lost income, may suffer a loss of future income, and her capacity to earn income in the future may be diminished.

24.

Petitioner alleges upon information and belief it will be necessary to present expert testimony during the preparation for and trial on the merits of this case and as such, desires all such expert witness fees and deposition costs be taxed as court costs and assessed against the said Defendants.

**PRAYER**

**WHEREFORE**, petitioner NATASHA CASMIRE prays:

25.

Defendants MICHAEL L. DICKSON and PASCHALL TRUCK LINES, INC., AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY be duly served with a copy of this Original Petition and cited to appear herein and answer same in the manner prescribed by law and as the law directs;

26.

After the lapse of all legal delays and due proceedings are had, there be judgment herein in favor of petitioner NATASHA CASMIRE, and against the defendants MICHAEL L. DICKSON and PASCHALL TRUCK LINES, INC. and AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY, individually and in solido in an amount of damages as are reasonable in the premises, together with legal interest from and after the date of judicial demand, until paid, and for all costs of these proceedings including the fees of expert witnesses;

27.

For all orders and decrees necessary in the premises, for all costs of these proceedings and for full, general and equitable relief.

**JURY DEMAND**

28.

Plaintiff hereby demands a trial by jury.

7

29.

Plaintiff avers amicable demand to no avail.

Respectfully Submitted By:

MCCORVEY LAW, LLC

*Derriel McCorvey*

Derriel C. McCorvey
LA Bar Roll# 26083
TX Bar Roll# 24073351
102 Versailles Blvd., Ste. 620
Post Office Box 2473
Lafayette, LA 70502
Tel. 337-291-2431
Fax 337-291-2433
derriel@mccorveylaw.com

**THE ALFRED FIRM**

**Byron C. Alfred** *\*Pending pro hac vice*
TX Bar Roll# 24084507
Byron@alfredfirm.com
**Johnny Alfred, III** *\*Pending pro hac vice*
TX Bar Roll# 24087092
Johnny@alfredfirm.com
**Kai Henderson** *\*Pending pro hac vice*
TX Bar Roll# 24100942
Kai@alfredfirm.com
2211 Norfolk Street, Ste. 803
Houston, TX 77098
Tel. 713-470-9714
Fax 877-751-7453
Attorneys for Plaintiff

<u>**PLEASE SERVE:**</u>

**MICHAEL L. DICKSON**
411 S. Welty Street
Iowa, LA 70647

**PASCHALL TRUCK LINES, INC.**
**Through their Registered Agent**
David A. Gibbs
3443 Hwy 641 South
Murray, KY 42071

**AMERICAN TRUCKING AND TRANSPORTATION INSURANCE COMPANY**
**(Through the Louisiana Secretary of State)**
8585 Archives Avenue
Baton Rouge, LA 70809

8

| | |
|---|---|
| NATASHA CASMIRE | 14ᵀᴴ JUDICIAL DISTRICT COURT |
| | DOCKET NO.: |
| V. | |
| | PARISH OF CALCASIEU |
| MICHAEL L. DICKSON, | |
| PASCHALL TRUCK LINES, INC. | |
| AND AMERICAN TRUCKING | |
| AND TRANSPORTATION INSURANCE | |
| COMPANY | STATE OF LOUISIANA |

**••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••**

## VERIFICATION

BEFORE ME, the undersigned Notary Public, duly commissioned and qualified

within and for the State of Texas and County of ~~Jefferson~~ Montgomery, personally appeared,

## NATASHA CASMIRE

Who, after being by me duly sworn, said that she has read the above-captioned

Petition, and all of the allegations of fact contained therein are true and correct, to the best

of her knowledge, information and belief.

_____
NATASHA CASMIRE

SWORN TO AND SUBSCRIBED TO BEFORE ME, this 24 day of

November , 2021.

_____
NOTARY PUBLIC

McKenzie Withrow
Notary Public, State of Texas
ID # 12657634-7
My Com Exp 09-19-2022